1  E. MARTIN ESTRADA
   United States Attorney
2  CAMERON L. SCHROEDER
   Assistant United States Attorney
3  Chief, National Security Division
   MARK TAKLA (Cal. Bar. No. 218111)
4  SOLOMON KIM (Cal. Bar. No. 311466)
   Assistant United States Attorneys
5  Terrorism and Export Crimes Section
        1500 United States Courthouse
6        312 North Spring Street
        Los Angeles, California 90012
7        Telephone: (213) 894-3899
        E-mail:   mark.takla@usdoj.gov
8                 solomon.kim@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10                    UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,            No. CR 20-060-JLS(A)

13           Plaintiff,                  PLEA AGREEMENT FOR DEFENDANT
                                         STEPHEN WILLIAM BEAL
14              v.                           (REDACTED)

15  STEPHEN WILLIAM BEAL,

16           Defendant.

17

18

19      1.    This constitutes the plea agreement between STEPHEN WILLIAM

20  BEAL ("defendant") and the United States Attorney's Office for the

21  Central District of California (the "USAO") in the above-captioned

22  case.  This agreement is limited to the USAO and cannot bind any

23  other federal, state, local, or foreign prosecuting, enforcement,

24  administrative, or regulatory authorities.

25                      DEFENDANT'S OBLIGATIONS

26      2.    Defendant agrees to:

27           a.    At the earliest opportunity requested by the USAO and

28  provided by the Court, appear and plead guilty to counts nine,

thirteen, and fourteen of the first superseding indictment in <u>United States v. Stephen William Beal</u>, CR No. 20-060-JLS(A), which charges defendant with wire fraud in violation of 18 U.S.C. 1343, Social Security Fraud in violation of 18 U.S.C. 408(a)(1), and Concealment of Bankruptcy Assets in violation of 18 U.S.C. § 152(1).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial

1  Disclosure Statement and all required supporting documents, as well
2  as other relevant information relating to ability to pay.

3          i.    Authorize the USAO to obtain a credit report upon
4  returning a signed copy of this plea agreement.

5          j.    Consent to the USAO inspecting and copying all of
6  defendant's financial documents and financial information held by the
7  United States Probation and Pretrial Services Office.

8                    FORFEITURE AND FINANCIAL ACCOUNTABILITY

9     3.    Defendant further agrees:

10         a.    To forfeit all right, title, and interest in and to
11  any and all monies, properties, and/or assets of any kind, derived
12  from or acquired as a result of, or used to facilitate the commission
13  of, or involved in the illegal activity to which defendant is
14  pleading guilty, specifically including, but not limited to, the
15  following: 7103 E. El Paseo Street, Long Beach, California
16  (collectively, the "Forfeitable Assets").

17         b.    To the Court's entry of an order of forfeiture at or
18  before sentencing with respect to the Forfeitable Assets and to the
19  forfeiture of the assets.

20         c.    To take whatever steps are necessary to pass to the
21  United States clear title to the Forfeitable Assets, including,
22  without limitation, the execution of a consent decree of forfeiture
23  and the completing of any other legal documents required for the
24  transfer of title to the United States.

25         d.    Not to contest any administrative forfeiture
26  proceedings or civil judicial proceedings commenced against the
27  Forfeitable Assets.  If defendant submitted a claim and/or petition
28  for remission for all or part of the Forfeitable Assets on behalf of

3

himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.  Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.  Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.  To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.  To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.  That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.  With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges

that forfeiture of the Forfeitable Assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty pleas.

### THE USAO'S OBLIGATIONS

4.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the underlying indictment and remaining counts of the first superseding indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.    For purposes of the offenses charged in the above-captioned case only, recommend that defendant be sentenced to a term of imprisonment of time-served at the time of sentencing and that the term of imprisonment be served concurrently to any term of imprisonment imposed in the case, United States v. Beal, SA CR 19-

5

047-JLS.  In no way does this plea agreement limit the government's sentencing recommendation in the case, <u>United States v. Beal</u>, SA CR 19-047-JLS.

       f.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not criminally prosecute ▮▮▮▮▮▮▮▮ for violations of ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendant understands that the USAO is free to criminally prosecute ▮▮▮▮▮ ▮▮▮▮ for any other unlawful conduct.  Defendant agrees that government has not stated an intent to prosecute ▮▮▮▮▮▮▮▮▮. Defendant has received discovery related to his offenses and agrees that there is probable cause to prosecute ▮▮▮▮▮▮▮▮ for violations of ▮▮▮▮▮▮▮▮▮▮▮▮.  Defendant acknowledges that defendant has discussed with defendant's attorney, and carefully considered, the possible advantages and disadvantages to defendant of agreeing to this provision as part of this Agreement; defendant is agreeing to this provision as part of this Agreement freely and voluntarily because defendant believes agreeing to this provision as part of this Agreement to be in defendant's best interests; and defendant is not agreeing to this provision as part of this Agreement because of threats, coercion, or other undue influence by the USAO.

<div align="center">NATURE OF THE OFFENSES</div>

    5.   Defendant understands that for defendant to be guilty of the crime charged in count nine, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, the following must be true: (1) the defendant knowingly participated in and devised a scheme or plan to defraud, or a scheme or plan for obtaining money or

<div align="center">6</div>

property by means of false or fraudulent pretenses, representations, or promises; (2) the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; (3) the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and (4) the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

6.    Defendant understands that for defendant to be guilty of the crime charged in count thirteen, that is, Social Security fraud, in violation of Title 18, United States Code, Section 408(a)(1), the following must be true: (1) the defendant had knowledge of an event affecting his right to receive a Social Security Disability insurance benefit payment; (2) the defendant knowingly concealed or failed to disclose this event to the Social Security Administration; and (3) the defendant concealed or failed to disclose this event to the Social Security Administration with the intent to fraudulently secure payment of Social Security Disability insurance benefit when no payment to him was authorized.

7.    Defendant understands that for defendant to be guilty of the crime changed in count fourteen, that is, Concealment of Bankruptcy Assets, in violation of Title 18, United States Code, Section 152(1), the following must be true: (1) there was a bankruptcy proceeding in existence; (2) assets belonged to the bankruptcy estate; (3) the defendant knowingly concealed assets from creditors, custodian, trustee, marshal, United States Trustee, or other person charged with control or custody of such property; and

(4) the defendant acted fraudulently, that is, with the intent to deceive any creditor, the trustee, or the bankruptcy judge.

<div align="center">PENALTIES AND RESTITUTION</div>

8.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343, is: 20 years of imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 408(a)(1), is: 5 years of imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 152(1), is: 5 years of imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 30 years of imprisonment; a three-year period of supervised release; a fine of $750,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $300.

12.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $1.5 million, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

13.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

14.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.   Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.   Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

15.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.   Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.   Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.   Defendant nevertheless affirms that he wants to plead guilty

1  regardless of any immigration consequences that his pleas may entail,
2  even if the consequence is automatic removal from the United States.

3       16.   Defendant understands that, if defendant is not a United
4  States citizen, the felony convictions in this case may subject
5  defendant to: removal, also known as deportation, which may, under
6  some circumstances, be mandatory; denial of citizenship; and denial
7  of admission to the United States in the future.  The Court cannot,
8  and defendant's attorney also may not be able to, advise defendant
9  fully regarding the immigration consequences of the felony
10 convictions in this case.  Defendant understands that unexpected
11 immigration consequences will not serve as grounds to withdraw
12 defendant's guilty pleas.

13                          CRIMINAL FORFEITURE

14      17.   The Court will also order forfeiture of the property listed
15 in the Forfeiture Allegations indictment pursuant to 18 U.S.C.
16 § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

17                            FACTUAL BASIS

18      18.   Defendant admits that defendant is, in fact, guilty of the
19 offenses to which defendant is agreeing to plead guilty.  Defendant
20 and the USAO agree to the statement of facts provided below and agree
21 that this statement of facts is sufficient to support pleas of guilty
22 to the charges described in this agreement and to establish the
23 Sentencing Guidelines factors set forth in paragraph 14 below but is
24 not meant to be a complete recitation of all facts relevant to the
25 underlying criminal conduct or all facts known to either party that
26 relate to that conduct.

27      Between January 2010 and December 2021, defendant engaged in a
28 scheme to defraud the Hartford, a disability insurance company, in

                                  11

1    order to obtain fraudulent disability benefits.  From January 2010
2    through January 2019, defendant submitted fraudulent disability forms
3    and false statements from his doctors claiming that he could not work
4    because he suffered from aphasia, difficulty communicating, memory
5    loss, and an inability to read.  He also claimed his disability
6    prevented him from acting as a sailboat captain and engaging in a
7    high-powered rocketry hobby.  He also claimed that he could not
8    engage in household chores, had difficulty dressing himself, could
9    not do crossword puzzles, and could not watch movies.  Contrary to
10   the representations he made in the disability forms and through his
11   doctors, defendant was able to work, did not have difficulty
12   communicating, did not have memory loss, was able to read, could act
13   as a sailboat captain, could engage in the hobby of high-powered
14   rockets, could complete household chores, could do crossword puzzles,
15   and could watch movies.  During this time, defendant worked
16   professionally as an actor, passed four closed-book tests in order to
17   obtain sailing certifications, engaged in the hobby of high-powered
18   rocketry, and remodeled his residence.  As a result of defendant's
19   scheme to defraud and false statements to the Hartford, defendant
20   received approximately $1 million in fraudulent disability payments
21   from January 2009 through January 2019.  Defendant's statements to
22   the Hartford were material, in that the Hartford would not have paid
23   disability benefits had defendant disclosed the true facts.  In order
24   to facilitate his scheme to defraud, defendant used the wires,
25   specifically causing his disability forms and doctor statements to be
26   transmitted through interstate wires.  In addition, defendant
27   received some of the disability payments through electronic deposit
28

into his bank account, thereby using interstate wires.  Specifically, defendant caused the following transmissions over the wires:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| EIGHT | September 6, 2018 | Physician statement from Treating Physician 1 defendant BEAL caused to be transmitted via facsimile from Orange County within the Central District of California to the Hartford in Lexington, Kentucky |
| NINE | November 6, 2019 | Physician statement from Treating Physician 2 and Claimant questionnaire defendant BEAL caused to be transmitted via facsimile from the Central District of California to the Hartford in Lexington, Kentucky |
| TEN | February 22, 2019 | Payment in the amount of $3,648.33 to be transmitted via Electronic Fund Transfer from South Windsor, Connecticut to the Central District of California |
| ELEVEN | March 22, 2019 | Payment in the amount of $3,648.33 to be transmitted via Electronic Fund Transfer from South Windsor, Connecticut to the Central District of California |
| TWELVE | December 31, 2019 | Payment in the amount of $18,241.65 to be transmitted via Electronic Fund Transfer from South Windsor, Connecticut to the Central District of California |

Between January 2010 and December 2021, defendant committed Social Security fraud.  Prior to January 2010, defendant applied for and obtained Social Security benefits due to a disability.  Knowing that he did not suffer from a disability as early as January 2010, defendant concealed and failed to disclose his lack of disability to the Social Security Administration, a fact that he was required to do under the law.  In concealing and failing to disclose such information, defendant intended to fraudulently secure disability payments from the Social Security Administration when he knew that he

13

1  was not entitled to such payments.  As a result of defendant's Social

2  Security fraud, defendant received over $350,000 in fraudulent Social

3  Security benefits from January 2010 through January 2019.

4      Defendant also concealed assets from the bankruptcy trustee and

5  bankruptcy court in connection with the filing of his 2009

6  bankruptcy.  Defendant filed for bankruptcy on October 5, 2009, In re

7  Stephen William Beal, Bankruptcy Case No. 2:09-bk-37002-NB.  Through

8  the bankruptcy proceeding, defendant discharged approximately

9  $117,000 of debt.  Prior to the completion of defendant's chapter 13

10  plan and the entry of discharge, defendant received $350,000 as a

11  result of a lawsuit filed against Marsh McLennan on an accidental

12  death policy.  This money was an asset belonging to the bankruptcy

13  estate, which defendant was required to report to the trustee.

14  Defendant did not report receipt of this money to the chapter 13

15  trustee, the bankruptcy court, or his creditors, despite knowing he

16  was required to do so.  After receiving this money, defendant

17  immediately transferred large portions of it to brokerage accounts.

18  Defendant acted fraudulently, with the intent to deceive and cheat

19  the trustee, bankruptcy court, and his creditors, and to deprive his

20  creditors of money.

21                          SENTENCING FACTORS

22      19.  Defendant understands that in determining defendant's

23  sentence the Court is required to calculate the applicable Sentencing

24  Guidelines range and to consider that range, possible departures

25  under the Sentencing Guidelines, and the other sentencing factors set

26  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

27  Sentencing Guidelines are advisory only, that defendant cannot have

28  any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the

Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crimes of

conviction.

20. Defendant and the USAO agree to the following applicable

Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level: | | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss more than $550,000: | | +14 | U.S.S.G. § 2B1.1(b)(1)(H) |
| Bankruptcy fraud | | +2 | U.S.S.G. § 2B1.1(b)(9) |

Defendant and the USAO reserve the right to argue that additional

specific offense characteristics, adjustments, and departures under

the Sentencing Guidelines are appropriate.

21. Defendant understands that there is no agreement as to

defendant's criminal history or criminal history category.

22. Defendant and the USAO reserve the right to argue for a

sentence outside the sentencing range established by the Sentencing

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

(a)(2), (a)(3), (a)(6), and (a)(7).

<div align="center">WAIVER OF CONSTITUTIONAL RIGHTS</div>

23. Defendant understands that by pleading guilty, defendant

gives up the following rights:

      a.   The right to persist in a plea of not guilty.

      b.   The right to a speedy and public trial by jury.

      c.   The right to be represented by counsel -- and if

necessary have the Court appoint counsel -- at trial.  Defendant

understands, however, that, defendant retains the right to be

1  represented by counsel -- and if necessary have the Court appoint

2  counsel -- at every other stage of the proceeding.

3       d.   The right to be presumed innocent and to have the

4  burden of proof placed on the government to prove defendant guilty

5  beyond a reasonable doubt.

6       e.   The right to confront and cross-examine witnesses

7  against defendant.

8       f.   The right to testify and to present evidence in

9  opposition to the charges, including the right to compel the

10  attendance of witnesses to testify.

11       g.   The right not to be compelled to testify, and, if

12  defendant chose not to testify or present evidence, to have that

13  choice not be used against defendant.

14       h.   Any and all rights to pursue any affirmative defenses,

15  Fourth Amendment or Fifth Amendment claims, and other pretrial

16  motions that have been filed or could be filed.

17  <center>WAIVER OF RETURN OF DIGITAL DATA</center>

18     24.   Understanding that the government has in its possession

19  digital devices and/or digital media seized from defendant, defendant

20  waives any right to the return of digital data contained on those

21  digital devices and/or digital media and agrees that if any of these

22  digital devices and/or digital media are returned to defendant, the

23  government may delete all digital data from those digital devices

24  and/or digital media before they are returned to defendant.

25  <center>WAIVER OF APPEAL OF CONVICTION</center>

26     25.   Defendant understands that, with the exception of an appeal

27  based on a claim that defendant's guilty pleas were involuntary, by

28  pleading guilty defendant is waiving and giving up any right to

<center>16</center>

appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<div align="center">WAIVER OF APPEAL AND COLLATERAL ATTACK</div>

26.  Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $1.5 million; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

27.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines,

<div align="center">17</div>

sentencing statutes, or statutes of conviction.  Defendant
understands that this waiver includes, but is not limited to,
arguments that the statutes to which defendant is pleading guilty are
unconstitutional, and any and all claims that the statement of facts
provided herein is insufficient to support defendant's pleas of
guilty.

28.  This agreement does not affect in any way the right of the
USAO to appeal the sentence imposed by the Court.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

29.  Defendant agrees that if any count of conviction is
vacated, reversed, or set aside, the USAO may: (a) ask the Court to
resentence defendant on any remaining counts of conviction, with both
the USAO and defendant being released from any stipulations regarding
sentencing contained in this agreement, (b) ask the Court to void the
entire plea agreement and vacate defendant's guilty pleas on any
remaining counts of conviction, with both the USAO and defendant
being released from all their obligations under this agreement, or
(c) leave defendant's remaining convictions, sentence, and plea
agreement intact.  Defendant agrees that the choice among these three
options rests in the exclusive discretion of the USAO.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

30.  Defendant agrees that if, after entering guilty pleas
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty pleas on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result

of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

31.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

32.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

1    33.   Following the Court's finding of a knowing breach of this
2  agreement by defendant, should the USAO choose to pursue any charge
3  that was either dismissed or not filed as a result of this agreement,
4  then:

5          a.   Defendant agrees that any applicable statute of
6  limitations is tolled between the date of defendant's signing of this
7  agreement and the filing commencing any such action.

8          b.   Defendant waives and gives up all defenses based on
9  the statute of limitations, any claim of pre-indictment delay, or any
10  speedy trial claim with respect to any such action, except to the
11  extent that such defenses existed as of the date of defendant's
12  signing this agreement.

13          c.   Defendant agrees that: (i) any statements made by
14  defendant, under oath, at the guilty plea hearing (if such a hearing
15  occurred prior to the breach); (ii) the agreed to factual basis
16  statement in this agreement; and (iii) any evidence derived from such
17  statements, shall be admissible against defendant in any such action
18  against defendant, and defendant waives and gives up any claim under
19  the United States Constitution, any statute, Rule 410 of the Federal
20  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
21  Procedure, or any other federal rule, that the statements or any
22  evidence derived from the statements should be suppressed or are
23  inadmissible.

24                COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
25                             OFFICE NOT PARTIES

26    34.   Defendant understands that the Court and the United States
27  Probation and Pretrial Services Office are not parties to this
28  agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts or sentencing factors.

35. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

36. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

37.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

38.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____          30 OCT 2023
MARK TAKLA                                   Date
Assistant United States Attorneys

_____          16/10/2023
STEPHEN WILLIAM BEAL                          Date
Defendant

_____          10-16-23
MEGHAN BLANCO                                 Date
Attorney for Defendant Stephen
William Beal

22

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     16/10/2023
STEPHEN WILLIAM BEAL                    Date
Defendant

23

1

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2       I am Stephen William Beal's attorney.  I have carefully and

3   thoroughly discussed every part of this agreement with my client.

4   Further, I have fully advised my client of his rights, of possible

5   pretrial motions that might be filed, of possible defenses that might

6   be asserted either prior to or at trial, of the sentencing factors

7   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8   provisions, and of the consequences of entering into this agreement.

9   To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  guilty pleas pursuant to this agreement.

16

17  MEGHAN BLANCO
    Attorney for Defendant Stephen
18  William Beal

Date  10-16-23

19

20

21

22

23

24

25

26

27

28