UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00060(A)-JLS |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF FORFEITURE |
| v. | |
| STEPHEN WILLIAM BEAL, | |
| Defendant. | |

Upon consideration of the application of Plaintiff, United States of America, for a preliminary order of forfeiture pursuant to the plea agreement of, and guilty plea to Counts Nine, Thirteen, and Fourteen of the First Superseding Indictment, entered into by, defendant STEPHEN WILLIAM BEAL and, good cause appearing thereon, IT IS HEREBY ORDERED:

**I. FORFEITABLE PROPERTY**

For the reasons set out below, all right, title and interest of STEPHEN WILLIAM BEAL, ("defendant") in the following described property (hereinafter, the "Forfeitable Property") is hereby forfeited to the United States.  The Court finds that the government has established the requisite nexus between the

Forfeitable Property and the offenses described in the First Superseding Indictment.  The Forfeitable Property is more particularly described as:

  a. Real Property located at 7103 E. El Paseo Street, Long Beach, California 90815;

  b. $3,409.60 in Funds from Bank Account # 984673350 in the name of Stephen W. Beal and Valerie J. Stone at J.P. Morgan Chase Bank, Ladera Ranch, CA 92694;

  c. $9,201.42 in Funds from Bank Account # 3320585309 in the name of Stephen W. Beal and Valerie J. Stone at J.P. Morgan Chase Bank, 27702 Crown Valley Parkway, Suite C3, Ladera Ranch, CA 92694;

  d. $5,171.27 in Funds from Bank Account # 5490951976 in the name of Valerie J. Stone at Wells Fargo Bank, Ladera Ranch, CA 92694;

  e. Long term disability benefits payable by Hartford Life and Accident Insurance Co., as claims administrator, for self-funded Long Term Disability Plan # 83082035 payable to Stephen Beal; and

  f. Long term disability benefits payable by Hartford Life and Accident Insurance Co., as claims administrator, for self-funded Long Term Disability Plan # 83082036, payable to Stephen Beal (collectively, the "Forfeitable Property").

## II. IMPLEMENTATION

IT IS FURTHER ORDERED as follows:

  A. Upon the entry of this Order, and pursuant to Fed. R.

Crim. P. 32.2(b)(3) and 21 U.S.C. § 853, the United States Attorney General (or a designee) is authorized to seize the Forfeitable Property.

B.  Upon entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of the Forfeitable Property subject to forfeiture pursuant to this Order, 21 U.S.C. § 853(m) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

C.  Upon entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property. The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

(1)  Pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government shall forthwith publish for at least thirty (30) consecutive days on an official government website notice of this order and any other Order affecting the Forfeitable Property, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is

earlier.  The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.

(2)  Any person other than defendant asserting a legal interest in the Forfeitable Property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

(3)  Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 21 U.S.C. § 853(n)(3).

(4)  The United States shall have clear title to the Forfeitable Property following the Court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

D.  Pursuant to Fed. R. Crim. P. 32.2(b)(3) and the defendant's plea agreement, this Preliminary Order of Forfeiture shall be made part of the defendant's sentence and included in his judgment.

E.  The Court shall retain jurisdiction to enforce this

4

Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: February 13, 2024

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE