E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
SOLOMON KIM (Cal. Bar. No. 311466)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3899
     Email:    mark.takla@usdoj.gov
               solomon.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-060-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM; EXHIBITS |
| v. | |
| STEPHEN WILLIAM BEAL, | Hearing Date: February 23, 2024 |
| Defendant. | Hearing Time: 8:30 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Takla and Solomon Kim hereby files this response to defendant's sentencing memorandum for defendant STEPHEN WILLIAM BEAL.

//

//

The government's sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 16, 2024       Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

*/s/ Mark Takla*
_____
MARK TAKLA
SOLOMON KIM
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

Paragraphs 70-71 – The facts and evidence relating to defendant's wife's suspicious death have been extensively litigated. The government believes resolution of these facts is unnecessary for the Court to determine defendant's sentence.

Paragraph 73 – The Presentence Investigation Report incorrectly states that defendant and Ildiko Krajnyak dated for 18 months, as they met on June 24, 2016, and had known each other for approximately 23 months prior to the murder. (TEx.[1] 1200A, at 1.)  While the government disagrees that the information after "Puerto Vallarta, Mexico" is factually untrue as the evidence was presented at trial, resolution of these facts is unnecessary here.

Paragraph 75, footnote 3 – Defendant does not appear to dispute that defendant paid Valerie Stone ("Stone") $160,000 from the fraudulent disability money, but claims Stone used the money to pay defendant's mortgage and maintain his house.  This statement is not true.  Defendant generated $4,495 per month in rental income from his residence while in pretrial custody, of which income almost completely covered the mortgage and house maintenance.[2]  (Exs. F and G.)  The approximately $160,000 went into Stone's pocket and was used by her in the following manner:

1) Pay her rent (Jail Calls #6, 7, 11);

2) Buy furniture (Jail Call #8, 11);

---

[1] "TEx." Refers to the Government's Trial Exhibits.  Exhibits designated by "Ex." and a letter are exhibits to this filing.  The government did not include all cited to trial exhibits in this filing.  The government can provide them if requested.

[2] The same renters live in defendant's house to this day.

      3) Buy a luxury car (Jail Calls #8, 9) (stating she was considering purchasing a Jaguar but purchased a Mercedes Benz); and

      4) Pay off $40,000 in debt (Jail Calls #10, 11).

(Ex. B; Dkt. 67 (Exhibit X to Gov't Opp'n to Def's Mot. for Bail) (actual jail call recordings).) The $160,000 was used by Stone for her own purposes.

Paragraph 79 – The government agrees that the first sentence should be removed as inapplicable.

**II.  REQUEST FOR A RESTITUTING HEARING**

The government does not believe that a subsequent restitution hearing is necessary in this case. The Court has sufficient information to order restitution as defendant has admitted to the restitution amounts in his factual basis.

2

DECLARATION OF MADISON MACDONALD

I, Madison MacDonald, declare as follows:

1. I am currently a Special Agent of the United States Federal Bureau of Investigation ("FBI").

2. I am a case agent on this matter, and I have spoken with other Special Agents and forensic accountants from the Federal Bureau of Investigation responsible for analyzing financial records in this matter.

3. Exhibit F is a true and correct copy of records from Ernst and Haas Management Company ("Ernst"). According to the records, defendant hired Ernst to manage his property. According to the records and defendant's financial records, defendant rented his residence to an individual from June 2019 to at least December 2021. According to the Ernst records, defendant rented the residence for $4,495 a month. According to the Ernst records, Ernst appeared to maintain and repair the property and deducted the maintenance and repair costs from monies deposited into defendant's Chase Bank account 3350.

4. I participated in the completion of the summary located at Exhibit G and have verified the accuracy of the information. The spreadsheet summarizes transactions from defendant's Chase Bank account 3350 contained in defendant's bank records, which are voluminous. From June 2019 through August 2021, Ernst deposited $101,193 in rental income from the defendant's residence. The bank records show that mortgage payments in the amount of $110,687 were made for defendant's residence.

5. I also participated in the completion of the summary previously filed at Exhibit A. This spreadsheet summarized monies

deposited from defendant's bank accounts into accounts held by Valerie Stone ("Stone") from the bank accounts of both parties, which are voluminous.  In identifying the approximately $160,000 paid to Stone by defendant, the $101,193 in rental income defendant received for the renting of his residence was not included.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed in Los Angeles, California, on February 16, 2024.

                                         MADISON MACDONALD